# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHENZHEN JINGHE TECHNOLOGY CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-5031 |
| | ) | |
| v. | ) | Judge: Hon. Sara L. Ellis |
| | ) | |
| Does 1-166 | ) | Magistrate: Hon. Maria Valdez |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff Shenzhen Jinghe Technology Co., Ltd. submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

**MEMORANDUM OF LAW**

**I. INTRODUCTION**

Plaintiff Jinghe Technology Co. Ltd. ("Jinghe" or "Plaintiff") brings the present action against the defendants identified on Corrected Amended Schedule A to the Amended Complaint (the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). As Jinghe's Amended Complaint [12] states, the Defendants are promoting, advertising, marketing, distributing, offering for sale, and selling unauthorized and unlicensed counterfeit products using counterfeit versions of Jinghe's federally registered COMWINN Trademark (The "Counterfeit COMWINN Products") or use Comwinn Trademark without Jinghe's authorization or permission through various fully interactive, commercial Internet stores operating under Online Marketplace Accounts listed in Corrected Amended Schedule A to the Amended Complaint (the "Defendant Internet Stores").

**II. STATEMENT OF FACTS**

On August 8, 2018, this Court granted Jinghe's *Ex Parte* Motion for Entry of a Sealed Temporary Restraining Order ("the TRO"). The TRO authorized Jinghe to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Amended Complaint, and other relevant documents on a website or by sending an e-mail to the e-mail addresses identified for Defendants by third parties with related documents. On the same day of August 8, 2018, this Court granted Jinghe to Extend the Temporary Restraining Order until September 5, 2018. Since and pursuant to entry of TRO,

Dozens of PayPal accounts and a few of Wish Accounts associated with the Defendant Internet Stores have been frozen since and pursuant to entry of the TRO. *See* Declaration of Wei Chen (hereinafter, "Wei Chen") at ¶ 3.

III. ARGUMENT

    A. **A Preliminary Injunction Extending Relief Already Granted in the TRO is Appropriate**

Jinghe respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.*, No. 15-cv-3249 (N.D. Ill. May 6, 2015) (unpublished). *See* Exhibit A to Declaration of Wei Chen (hereinafter "Chen Declaration").

    a) **This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied**

Because the standard for issuing a Temporary Restraining Order and the standard for issuing a Preliminary Injunction Order are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See*, e.g., *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be granted upon meeting the following requirements: "1) there is a reasonable likelihood that Plaintiff will succeed on the merits; 2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; 3) the balance of hardships tips in Plaintiff's favor; and 4) the public interest will not be disserved by the injunction." *Columbia

*Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above elements have been satisfied.

### b) The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief on principles of equity and upon such terms as the court may consider reasonable in order to prevent the violation of any right of the registrant of a mark. 15 U.S.C. §1116(a).

The Asset Restraining Order remains appropriate. Jinghe requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. After entry of the TRO, PayPal, Inc. ("PayPal") and Wish.com have provided Plaintiff with information, including the identification of dozens of financial accounts linked to the Defendant Internet Stores which were offering for sale and/or selling COMWINN Products without Plaintiff's authorization or license. Absent preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions, including PayPal accounts, to an offshore account, whether defendants are currently located within the US or outside of the US. Hence, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which Jinghe is entitled as alleged in the Amended Complaint far exceeds any amount contained in any of the Defendants' frozen financial accounts. For instance, Jinghe's prayer for relief requests statutory damages of $2 million from each

Defendant [12]. In addition, and as established in Jinghe's TRO memorandum [16], many federal courts including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005); *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). As such, an order continuing to freeze the Defendants' assets should be granted.

## IV. CONCLUSION

In view of the foregoing, Jinghe respectfully requests that this Court enter the preliminary injunction.

Dated this 29th day of August 2018.  Respectfully submitted,

/s/ Wei Chen
Wei Chen
Bar Number: 6299278
Wei Chen IP LLC
1440 Taylor St #677
Chicago, Illinois 60607
312.883.3101 (phone)
844.269.2799 (fax)
wchen@weichenip.com

*Counsel for Plaintiff Shenzhen Jinghe Technology Co. Ltd.*

5